1          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF SOUTH CAROLINA
2                   ROCK HILL DIVISION

3

       United States of America, )
4                                )
                    Plaintiff,   )
5                                )
                    -versus-     )      0:23-CR-00850
6                                )      January 27, 2025
       Hassanbunhussein Lawal,   )      Columbia, SC
7                                )
                    Defendant.   )
8      _____)

9

10          BEFORE THE HONORABLE SHIVA V. HODGES
           UNITED STATES MAGISTRATE JUDGE, PRESIDING
11              Initial Appearance/Arraignment

12
       A P P E A R A N C E S:
13

14     For the Government:      Elliott Daniels, AUSA
                                United States Attorney's Office
15                              1441 Main Street, Suite 500
                                Columbia, SC  29201
16
       For the Defendant:       Kathy Evatt, AFPD
17                              Jeremy Thompson, AFPD
                                Federal Public Defender's Office
18                              1901 Assembly Street
                                Columbia, SC  29201
19
       Court Reporter:          Kathleen Richardson, RMR, CRR
20                              United States Court Reporter
                                901 Richland Street
21                              Columbia, SC 29201

22

23     ** Court-Smart recorded/Court reporter transcription **

24                      *** *** *** ***

25

1          THE COURT:  Good morning.  We have got one matter

2     on the agenda for today.  It's an arraignment in the case of

3     the United States of America versus Hassanbunhussein Abolore

4     Lawal, Criminal Case Number 0:23-850.  0:23-850.

5          This matter appears to be under seal.  Is there a

6     motion, Mr. Daniels?

7          MR. DANIELS:  There is, Judge.  The government

8     moves to partially unseal the Indictment.  I provided a

9     redacted indictment to Mrs. Tillman shortly before court, and

10    we ask for this redacted indictment to be placed on the

11    public docket.

12         THE COURT:  All right.  Very well.  That motion is

13    granted.

14         Mr. Lawal, if you would, please stand for me as I

15    address you.

16         Mr. Lawal, do you speak English?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  Okay.  You are here for an arraignment.

19    The purpose of this hearing is to advise you of the charges

20    against you, to advise you of your rights, and to set the

21    conditions of your release, if any.  This is not a trial.

22    You have got the right to remain silent, and anything that

23    you say can be used against you.

24         Do you understand those rights I just reviewed?

25         THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  You have also got the right to have

2     counsel represent you at every critical stage of the

3     proceeding, and if you can't afford an attorney, then I can

4     appoint an attorney for you.

5          Would you like for me to appoint counsel to represent

6     you?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Okay.  I need you to complete a

9     financial affidavit.

10         Is probation here?

11         (Inaudible.)

12         THE COURT:  Okay.  If you would hand him a

13    financial affidavit.

14         Counsel, if you would please help Mr. Lawal complete

15    this financial affidavit.  You may be seated while you

16    complete the financial affidavit.

17         (Whereupon, there was a pause.)

18         THE COURT:  All right.  Mr. Lawal, if you would

19    please stand.  As I said, you have the right to have counsel

20    represent you at every critical stage of the proceeding, and

21    if you can't afford an attorney, then I can appoint an

22    attorney for you.

23         I have been handed this financial affidavit that appears

24    to have your signature on it.  But before I accept it, I have

25    got to warn you, if there is anything false in here, you can

1    be separately charged with perjury.

2        Do you understand that?

3            *THE DEFENDANT:*  Yes, ma'am.

4            *THE COURT:*  With that warning, you swear that the

5    information contained in your financial affidavit is true?  I

6    need you to speak up so that we can pick it up on the--

7            *THE DEFENDANT:*  Yes.

8            *THE COURT:*  Well, I have got to ask you all over

9    again.

10       Do you understand that if there's anything false in this

11   affidavit, you can be separately charged with perjury?

12           *THE DEFENDANT:*  Yes, ma'am.

13           *THE COURT:*  With that warning, do you swear that

14   the information contained in your financial affidavit is

15   true?

16           *THE DEFENDANT:*  Yes, ma'am.

17           *THE COURT:*  All right.  Based on your

18   representations in your financial affidavit, I'm going to

19   appoint the Federal Public Defender's Office to represent

20   you.  This is Mr. Thompson, Mrs. Evatt with the Federal

21   Public Defender's Office, and they'll help you with today's

22   proceeding.

23       All right.  I'm handing to you a copy of the Indictment

24   which has now been partially unsealed.  I'm going to review

25   the Indictment with you, read out loud the charges to you as

1    well as the maximum possible penalties.  There are five

2    counts against you.  And then I'm going to ask you if you

3    understand what you're charged with and the maximum penalties

4    you face if convicted.

5          The only plea I can take from you thereafter is a plea

6    of not guilty.  So follow along with me as I read out loud.

7          In the United States District Court for the District of

8    South Carolina, Rock Hill Division, United States of America

9    versus Hassanbunhussein Abolore Lawal, AKA Bellajannet28, AKA

10   Bellajannet30, AKA Aliceconnor566, AKA Lawal Hassan, AKA

11   Hassan Lawal, Criminal Case Number 0:23-850.  Indictment.

12         And so that it is more comprehensible to you, I'm only

13   going to be referring to you by your last name, Lawal,

14   instead of all of the AKAs that are listed in the caption.

15         Count One.  Child exploitation/child pornography

16   resulting in death and aiding and abetting.  The grand jury

17   charges that from on or about July 26th, 2022 through on or

18   about July 27, 2022, in the District of South Carolina and

19   elsewhere, the defendants, Lawal -- there's a redaction --

20   did knowingly employ, use, persuade, induce, entice, and

21   coerce a minor, namely Minor Victim One, to engage in

22   sexually explicit conduct for the purpose of producing a

23   visual depiction of such conduct, and the visual depiction

24   was produced using materials that have been mailed, shipped,

25   and transported in and affecting interstate and foreign

1  commerce by any means, including by computer, and such visual

2  depiction was actually transported and transmitted using any

3  means and facility of interstate and foreign commerce and in

4  and affecting interstate and foreign commerce, that conduct

5  resulted in the death of a person, Minor Victim One, and the

6  defendants did aid and abet each other in the commission of

7  aforementioned offense in violation of Title 18, United

8  States Code, Sections 2251(a) and 2251(e) and two.

9      Count Two.  CP distribution and aiding and abetting.

10  The grand jury further charges that from on or about

11  July 26th, 2022 through on or about August 11th, 2022 in the

12  District of South Carolina and elsewhere, the defendants

13  Lawal and others knowingly did distribute child pornography

14  and materials that contained child pornography as defined in

15  Title 18, United States Code, Section 2256(8) that had been

16  mailed, shipped, and transported in interstate and foreign

17  commerce by any means, including by computer, and defendants

18  did aid and abet each other in the commission of the

19  aforementioned offense in violation of Title 18, United

20  States Code, Sections 2252A(a)(2), 2252A(b)(1) and two.

21      Three.  Coercion and enticement of a minor and aiding

22  and abetting.  The grand jury further charges that from on or

23  about July 26th, 2022 through on or about July 27, 2022 in

24  the District of South Carolina and elsewhere, the defendants

25  Lawal and others used a facility and means of interstate and

foreign commerce to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to wit:  17-year old Minor Victim One, to engage in sexual activity which would constitute a criminal offense under Title 18, United States Code, Sections 2251(a) and 2251(e), a production of child pornography, and the defendants did aid and abet each other in the commission of the aforementioned offense in violation of Title 18, United States Code, Sections 2422(b) and Two.

Count Four.  Cyber-stalking resulting in death and aiding, abetting.  The grand jury further charges that from on or about July 26th, 2022 through on or about August 11th, 2022 in the District of South Carolina and elsewhere, the defendants Lawal and others with the intent to kill, injure, harass, and intimidate Minor Victim One and family members of Minor Victim One used interactive computer services, electronic communication services, electronic communication systems of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that placed Minor Victim One and family members of Minor Victim One in reasonable fear of serious bodily injury and caused, attempted to cause, and the course of conduct would be reasonably expected to cause Minor Victim One and family members of Minor Victim One substantial emotional distress and did cause the death of the victim, to wit:  The

1    defendants sent harassing messages to Minor Victim One and

2    family members of Minor Victim One threatening to leak

3    sexually explicit photographs of Minor Victim One and to ruin

4    the public reputation of Minor Victim One and Minor Victim

5    One's family members unless victims complied with demands to

6    provide money to the defendants, which resulted in the death

7    of Minor Victim One, and the defendants did aid and abet each

8    other in the commission of the aforementioned offense in

9    violation of Title 18, United States Code, Sections

10   2261A(2)(A), 2261A(2)(B), 2261(b) and Two.

11       Count Five.  Interstate threat with intent to extort and

12   aiding and abetting.

13       The grand jury further charges that from on or about

14   July 26th, 2022 through on or about August 11th, 2022 in the

15   District of South Carolina and elsewhere, the defendants,

16   Lawal and others, did unlawfully, intentionally, and

17   knowingly with the intent to extort from any person anything

18   of value, transmit in interstate commerce any communication

19   containing any threat to injure the person of another, to

20   wit:  The defendants did send and cause to be sent messages

21   to Minor Victim One and family members of Minor Victim One

22   that threatened to harm and injure Minor Victim One and Minor

23   Victim One's family unless money was provided to the

24   defendants, and the defendants did aid and abet each other in

25   the commission of the aforementioned offense in violation of

1   Title 18, United States Code, Sections 875(b) and Two.

2        The forfeiture allegation follows.  Sexual exploitation

3   of children.  Upon conviction for violations of Title 18,

4   United States Code, Sections 2251(a) and 2252A(2), as charged

5   in this Indictment, the defendants Lawal and others shall

6   forfeit to the United States their interest in:

7        One, any visual depiction described in Section 2251,

8   2251(a), 2252, 2252A or 2260 of Chapter 110 of the United

9   States Code or any book, magazine, periodical, film,

10  videotape, or other matter which contains any such visual

11  depiction which was produced, transported, mailed, shipped or

12  received in violation of Chapter 110 of the United States

13  Code.

14       Two, any property, real or personal, constituting or

15  traceable to gross profits or other proceeds obtained from

16  such offenses.

17       And three, any property, real or personal, used or

18  intended to be used to commit or to promote the commission of

19  such offenses.

20       Interstate threat with intent to extort.  Upon

21  convictions for violation of Title 18, United States Code,

22  Section 875, the defendants, Lawal and others, shall forfeit

23  to the United States any property, real or personal,

24  constituting, derived from, or traceable to proceeds the

25  defendants obtained directly or indirectly as a result of

1  such offense.

2      Coercion and enticement of a minor. Upon convictions

3  for violation of Title 18, United States Code, Section 2422,

4  as charged in this Indictment, the defendants, Lawal and

5  others, shall forfeit to the United States any property, real

6  or personal, that was used or intended to be used in any

7  manner or part to commit or to facilitate the commission of

8  such offense and any property, real or personal, which

9  constitutes or is derived from any proceeds obtained directly

10  or indirectly as a result of such offense.

11      Property. Pursuant to Title 18, United States Code,

12  Section 981(a)(1)(C), 2253, and 2428, and 28 United States

13  Code, Section 2461(c), the property which is subject of

14  forfeiture upon convictions of the defendants for violations

15  charged in this Indictment includes but is not limited to the

16  following:

17      Cash, proceeds/forfeiture judgment, a sum of money equal

18  to all proceeds the defendants obtained directly or

19  indirectly from the offenses charged in this Indictment and

20  all interest and proceeds traceable thereto and or such sum

21  that equals all property derived from or traceable to their

22  violations of Title 18.

23      Substitute assets. If any of the property described

24  above as being subject to forfeiture to the United States as

25  a result of any act or omission of the defendants:

1    One, cannot be located upon the exercise of due

2    diligence; two, has been transferred or sold to or deposited

3    with a third party; three, has been placed beyond the

4    jurisdiction of the Court; four, has been substantially

5    diminished in value; or five, has been co-mingled with other

6    property which cannot be subdivided without difficulty.

7    It is the intent of the United States pursuant to Title

8    18, United States Code, Section 982(b)(1), incorporating

9    Title 21, United States Code, Section 853(p) to seek

10   forfeiture of any other property of the said defendants up to

11   the value of the above forfeitable property pursuant to Title

12   18, United States Code, Sections 981(a)(1)(C), 2253, and

13   2428, and Title 28, United States Code, Section 2461(c).

14   And the Indictment is signed by the foreperson of the

15   grand jury.

16   The penalty sheet follows.  For Count One, violation of

17   Title 18, United States Code, Sections 2251(a) and 2251(e),

18   child exploitation or production of child pornography

19   resulting in death, you face a mandatory minimum of 15 years,

20   a maximum of 30 years.

21   However, if the conduct results in the death of a

22   person, you shall be punished by death or imprisoned for not

23   less than 30 years or for life.  You face a fine of $250,000,

24   mandatory minimum of five years of supervised release up to a

25   maximum of life, special assessment of $100, and special

1    additional assessment of $5,000.

2         In addition to the otherwise mandatory minimum of 15

3    years and statutory maximum of 30 years, if you have a prior

4    conviction as set forth in Title 18, United States Code,

5    Section 2251(e), you shall be fined under Title 18 and

6    imprisoned for not less than 25 years nor more than 50 years.

7         If you've got two or more prior convictions, under Title

8    18, United States, Section 2251(e), you shall be fined under

9    Title 18 and imprisoned for not less than 35 years and not

10   more than life.

11        For the aiding and abetting count.  Under Title 18,

12   United States Code, Section two, you face the same penalties

13   as the substantive offense.

14        Count Two, the distribution of child pornography.  Under

15   Title 18, United States Code, Section 2252(a)(2) and (b)(1)

16   face a mandatory minimum of five years up to a max of 20

17   years, fine of $250,000, mandatory minimum of five years,

18   supervised release up to a maximum of lifetime, special

19   assessment of $100, and an additional special assessment of

20   $5,000.

21        If you have a prior conviction under Title 18, United

22   States Code, Section 2251(e), you shall be fined under Title

23   18 and imprisoned for not less than 15 years up to 40.

24        For the aiding and abetting, under Title 18, United

25   States Code, Section two, you face the same penalties as the

1    substantive offense.

2         Court Three, the coercion and enticement of a minor.

3    Under Title 18, United States Code, Section 2422(b), you face

4    a mandatory minimum of 10 years up to a maximum of life,

5    $250,000 maximum fine, a mandatory minimum of five years

6    supervised release up to a maximum of a lifetime, special

7    assessment of $100.

8         In addition, Title 18, United States Code, Section 3559

9    provides for a mandatory term of life imprisonment followed

10   -- following a conviction of certain federal sex offenses

11   which includes convictions under Section 2242 if the

12   conviction is repeated sex offenses against children within

13   the meaning of that statute.

14        Under Title 18, United States Code, Section two, for the

15   aiding and abetting, you face the same penalties as for the

16   substantive offense.

17        Count Four, cyber-stalking resulting in death.  Under

18   Title 18, United States Code, Section 2261A(2), the maximum

19   term of imprisonment is, if serious death to the victim

20   results, for life or any term of years plus a fine of

21   $250,000 or both, a term of supervised release of not more

22   than five years plus a special assessment of $100.

23        Under Title 18, United States Code, Section two, for

24   aiding and abetting, you face the same penalties as for the

25   substantive offense.

1       And finally under Count Five, the interstate threat with

2   intent to extort.  Under Title 18, United States Code,

3   Section 875(b), you face a maximum term of imprisonment of 20

4   years, a fine of $250,000, term of supervised release of not

5   more than three years, plus a special assessment of $100.

6       And under Title 18, United States Code, Section two, for

7   the aiding and abetting, you face the same penalties as for

8   the substantive offense.

9       So Mr. Lawal, do you understand the five counts against

10  you and the maximum penalties you face if convicted?

11          *THE DEFENDANT:*  Yes, ma'am.

12          *THE COURT:*  I can take your plea of not guilty if

13  you would sign this plea sheet.  Your signature on this form

14  indicates to me you acknowledge having received a copy of the

15  Indictment and wish to enter a plea of not guilty.

16      (Whereupon, there was a pause.)

17          *THE COURT:*  Madam Clerk, if you would please

18  publish the plea.

19          *THE CLERK:*  May it please the Court.  In the case

20  of United States of America versus Hassanbunhussein Abolore

21  Lawal, Case Number 0:23-850, the above-referenced defendant

22  acknowledges receipt of a copy of the Indictment, and after

23  arraignment pleads not guilty in open court.  Dated

24  January 27th, 2025.

25          *THE COURT:*  Very well.  Sir, your plea of not

1    guilty has been entered of record.

2        Mr. Daniels, what is the government's position on the

3    matter of detention or bond?

4        *MR. DANIELS:*  The government requests detention,

5    Your Honor.  I'd also point out the victim's family are here.

6    They also request detention.  And we'd be happy to put our

7    basis on the record if Your Honor directs.

8        *THE COURT:*  I'm very familiar with this case,

9    having been involved from the beginning on it.  However, for

10   the record I think it would be helpful for you to place on

11   the record the information that you believe supports a motion

12   for detention.

13       *MR. DANIELS:*  Sure.  Thank you, Your Honor.

14       Your Honor, this is a presumption case.  Three times

15   over the child pornography production, child pornography

16   distribution, and the coercion counts all carry a presumption

17   that there is no bond that could satisfy flight risk or

18   danger concerns.  But Your Honor, moreover, beyond the

19   statutes charged, the facts support detention.

20       On July 27th, 2022, 17-year old Gavin Guffey in Rock

21   Hill was chatting with who he was told was a young college

22   female on Instagram.  That account was the Bellajannet28

23   account that's charged in the caption.

24       All over a period of a couple hours they begin chatting.

25   Bellajannet28 requests the minor to engage in a game of truth

1  or dare and then requests sexually explicit images.

2      Almost immediately upon receiving the sexually explicit

3  images, Bellajannet28 begins to extort Gavin and requests

4  money or she would leak the intimate photos of Gavin to a

5  screenshot of his Instagram friends.

6      Over the next hour Gavin pays money and describes to

7  Bellajannet28 the desperation that he's in.  He says, I have

8  a gun in my -- my lap, I'm scared, you don't know how scared

9  I am right now.  Bellajannet28 did not stop.

10      Gavin ultimately lost his life due to a self-inflicted

11 gunshot wound that night, and the York County Sheriff's

12 Department responded along with SLED and the York County

13 Coroner.

14      The FBI determined that that Instagram account was

15 associated with Mr. Lawal in Osun state outside Lagos,

16 Nigeria.  They found him with the help of Nigerian law

17 enforcement, who are present in the courtroom.

18      And on his phone they found evidence not only of Gavin's

19 extortion to include his intimate photos, screen-grabs of his

20 Instagram friends, the photo that Hassan Lawal or

21 Bellajannet28 shared with Gavin -- all this is on Lawal's

22 phone -- but they also found evidence of additional minor

23 victims, at least six additional minor victims, a total of at

24 least 10 additional victims, Judge.

25      In addition to what was found on his phone, he made

1  admissions including knowledge that Gavin lost his life and

2  that he continued to extort the family.  We have recovered

3  the chats where he extorted the family.  For example, him

4  sending a younger brother of Gavin threatening and harassing

5  communications threatening to end their father's career, to

6  ruin his political reputation.

7       He photo-shopped a fake newspaper headline with Gavin's

8  photos on it that said, breaking news, Gavin Guffey caught

9  sending nudes on the internet, this is sexual harassment, I'm

10  saying this because your parent's political career is at

11  stake, the scammers can go ahead and ruin your family

12  including Brandon Guffey's political career, I might as well

13  just give them the go-ahead to ruin your family and your

14  family's political career, it will affect you also.

15       That's what he's saying to another minor.

16       Judge, there's clearly a recklessness and a callousness

17  towards life that does speak to danger.  I can't imagine a

18  bond condition that would protect against that.  He also has

19  no stable housing here, he has no income, all the other bond

20  factors that the Court generally looks to to figure out if he

21  would be able to show up at a district court hearing

22  reliably.  They are just not present here.

23       He was extradited over the weekend.  He arrived in

24  Columbia on Saturday.  There is no location that we're aware

25  of that he could be released to.  And for these reasons,

1    Judge, we request detention.

2         *THE COURT:* All right. Thank you, sir.

3         Mr. Lawal, if you would rise while I speak with you.

4    The government has moved for your detention pending the

5    resolution of these charges against you. Before that can

6    happen, you're entitled to a detention hearing at which time

7    the Court decides whether you are a risk of flight or a

8    danger to the community. You have the opportunity to have

9    your detention hearing once, so you want to make sure you're

10   in the best position to move forward with that hearing.

11        You have the right to ask for up to five days to prepare

12   for the hearing. The government has the right to ask for up

13   to three days to prepare for the hearing. Alternatively, you

14   can waive your right to have your detention hearing scheduled

15   with leave to come back and ask for it to be scheduled at a

16   later time if you wish.

17        I'm going to give you an opportunity to speak with your

18   counsel about your right to your detention hearing.

19        As Mr. Daniels indicated, there is a presumption under

20   three of the counts against you that there is no condition of

21   release that would guard against the danger that you pose to

22   the community or the risk of your flight.

23        (Whereupon, there was a pause.)

24         *MRS. EVATT:* Your Honor, because this defendant is

25   from another country, it's going to take us some time to

1  explain his rights and explain the way things work in the

2  United States, so at this time we would ask that you set it

3  but give us five days.

4          THE COURT:  Okay.  Mr. Lawal, is that what you wish

5  to do?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Okay.  All right.  So we're looking at

8  next week, next Monday or Tuesday.  Would that work?

9          MRS. EVATT:  Yes, Your Honor.

10         THE COURT:  Would that work for you, Mr. Daniels?

11         MR. DANIELS:  Yes, Judge.  Monday and Tuesday are

12 just fine.

13         THE COURT:  Okay.  I have got arraignments on

14 Tuesday, but I think that's a pretty full day.  Let's go

15 ahead and schedule y'all for Monday at 10:00.

16         MRS. EVATT:  Your Honor, I have Judge Lydon at

17 10:00 on Monday, but I'm free the afternoon if that would

18 work.

19         THE COURT:  Okay.  Mr. Daniels, is that okay with

20 you?

21         MR. DANIELS:  I can do the afternoon.

22         THE COURT:  All right.  Let's do 2:00 on Monday,

23 February the 3rd.  That will be the detention hearing.

24     If you determine that you do not wish to move forward

25 with that detention hearing, you can sign a waiver and not be

1   brought back.

2       And I'll be honest.  I can think of no set of

3   circumstances that would persuade me to release you in this

4   case.  I'm not making that determination; I'm just telling

5   you that the counts against you are so serious and the

6   information against you is so grave that when you want to

7   have your detention hearing, you need to be in the best

8   position to move forward with it as possible because you only

9   get one chance to have that detention hearing and you don't

10  get a chance to come back for a second bite of the apple if

11  there's information that you wanted to present next Monday,

12  let's say, that you think about a couple of months down the

13  road.

14      So I want to make sure that you understand the gravity

15  of the charges against you and the hurdle that you have to

16  overcome to be released in this court.

17      The factors that I will take into consideration in order

18  to make a determination and not rely solely on the

19  presumption are contained in Title 18 of the United States

20  Code, Section 3142(g), and they include the nature and

21  circumstances of the offense charged, the weight of the

22  evidence against you, history and characteristics of the

23  defendant, the nature and the seriousness of the threat that

24  you pose to the community, and as well, the risk of your

25  flight from prosecution.

1     So those are the statutory factors that you will want to

2 review with your counsel to make sure that you are in the

3 best position to move forward with your one opportunity to

4 argue for release.

5     I'm not making a determination at this time about

6 whether detention is the ultimate appropriate resolution for

7 you, but I'm just laying out the standard so that you

8 understand the way things work in the United States.

9     We have an incredible system of justice that affords to

10 defendants perhaps more rights than any other country in the

11 world, but it also balances against the rights of the

12 defendants and understanding of the rights of the community

13 including the safety of the community and the importance to

14 the American people that our laws are upheld in the rule of

15 law.

16     We have an opportunity under the Victims Rights Act

17 to -- for victims to be heard if they wish.

18     Mr. Daniels, do you have any information for me as to

19 whether any of the victims wish to be heard today?

20          MR. DANIELS:  If I can beg the Court's indulgence.

21          THE COURT:  Sure.

22     (Whereupon, there was a pause.)

23          MR. DANIELS:  Judge, I have spoken with the Guffey

24 family.  They reiterate their request for detention and they

25 do not support a bond.  If there is a hearing that Mr. Lawal

1   does persist on and insist on, then Mr. Guffey would be

2   prepared to make a statement at that time.

3        *THE COURT:*  All right.  Thank you very much.

4      Of course the victims' families are always invited to

5   any hearing involving Mr. Lawal and will -- I will depend on

6   the government to provide those notices of hearings to the

7   victims' families as provided for under our Victims Rights

8   Act.

9      This is every -- the facts of this case I think are

10   every parent's worst nightmare.  But we have a process.  We

11   have a process that we go through, and it's due process, and

12   we have to have confidence that the process will afford

13   everyone the opportunity to be heard so that justice can be

14   achieved.

15      Pursuant to the Federal Rule of Criminal Procedure 5F,

16   the United States is ordered to produce all exculpatory

17   evidence to the defendant pursuant to Brady versus Maryland

18   and its progeny.  Not doing so in a timely manner may result

19   in sanctions, including exclusion of evidence, adverse jury

20   instructions, dismissal of charges, and contempt proceedings.

21      Consistent with this oral order, I'm also entering a

22   written order reminding the government of its obligations

23   under Brady.

24      Mr. Daniels, the counts or several of the counts I think

25   against the defendant include a possibility of the death

1    penalty.  It's a count -- let's see -- Count One.

2              *MR. DANIELS:*  Count One does, Judge.

3              *THE COURT:*  Count One does.

4              *MR. DANIELS:*  The other death-resulting count is

5    punishable by up to life.

6              *THE COURT:*  Okay.  If the government -- remind me.

7    If the government seeks death or independently of whether the

8    government seeks death, is the defendant afforded

9    death-qualified, two death-qualified appointments of counsel?

10             *MR. DANIELS:*  Judge, as a part of our negotiations

11   with the Nigerian government, we committed that we would not

12   seek the capital punishment, we would not seek the death

13   penalty.  Something we conferred with Main Justice on, it's

14   something we conferred with the victim's family on.  We made

15   that commitment to Nigeria and we'll honor that.

16        So for Count One, we will only seek up to life.

17   However, under 18 USC 3005, the defendant is entitled to

18   appointment of a second counsel even outside the FPD's office

19   if he so requests because one of the counts is punishable by

20   up to death -- and there's a Fourth Circuit case, US v Boone

21   that indicates he's entitled to that even if we don't seek

22   the death penalty.

23        So our position is he is entitled to a second lawyer if

24   he requests one, but on Count One we will only seek up to

25   life.

1          *THE COURT:*  Very well.

2          *MRS. EVATT:*  And he does make that request.

3          *THE COURT:*  Okay.  Mrs. Evatt, I'm going to think

4    about the appointment of second counsel, and I would like to

5    have your input on that.  If there are cultural

6    considerations that need to be taken into effect here, rather

7    than choose the next person on the list, and a list that I

8    don't even currently have because it's so rare to have a

9    death case, so I'm not going to immediately assign a second

10   person, but I would like to do that forthwith.

11       So if we can -- if we can look to hear from you after

12   you have had an opportunity to speak with your client so that

13   we can get a second lawyer appointed who can best enable you

14   to represent his interests in this case, but I don't -- I

15   don't want to delay that right to have a second lawyer.

16       So with the government's position, consent, Mr. Daniels,

17   if I can communicate ex parte with Mrs. Evatt about -- about

18   the appointment of second counsel, would that be okay with

19   you?

20          *MR. DANIELS:*  That's just fine.  Thank you, Judge.

21          *THE COURT:*  Mrs. Evatt, Mr. Thompson, if y'all

22   would e-mail me, I want to make sure that all of our

23   communications are appropriate, that if there is -- if there

24   is particular -- there are only so many death-qualified

25   counsels in South Carolina, so I need help on that.

1          *MRS. EVATT:*  We'll be happy to, Your Honor.

2          *MR. THOMPSON:*  Yes.  Your Honor, the head of our

3     office, Mr. Nettles, has been in contact with a specific

4     attorney, Josh Kendrick.  However, we will talk with

5     Mr. Lawal about his preferences before formally submitting

6     anything to Your Honor.

7          *THE COURT:*  Okay.  And to be clear, this isn't

8     Mr. Lawal's decision to make, but I want to ensure that we

9     abide by the law and make sure that we get counsel that can

10    most effectively represent his interests as well as serving

11    their role as officers of the Court.

12       All right.  Mr. Daniels, are there any rights, any other

13    rights that I need to review with Mr. Lawal as far as access

14    to Embassy or emissaries from Nigeria?

15         *MR. DANIELS:*  I believe he's entitled to have the

16    government notify his consulate of his arrest and this

17    process in federal court, and we'll do so in the next

18    business day.  So by close of business tomorrow, Judge,

19    Tuesday the 28th, we'll notify his consulate of this charge

20    and this proceeding in court today.

21         *THE COURT:*  All right.  And would you please file

22    something on the docket to reflect the communication?

23         *MR. DANIELS:*  We'll do that.

24         *THE COURT:*  All right.  Anything further from the

25    government?

1          MR. DANIELS:  No, Judge.  Thank you.

2          THE COURT:  Anything further from the defendant?

3          MRS. EVATT:  No, Your Honor.

4          THE COURT:  All right.  We will see y'all back

5    here, if at all, next Monday, absent a waiver of the

6    detention hearing.

7          MR. DANIELS:  Thank you, Judge.

8          THE COURT:  Thank you.  We'll be in recess.

9          MR. THOMPSON:  Thank you, Judge.

10       (Hearing concluded.)

11                              ***

12       I certify that the foregoing is a correct transcript, to

13   the best of my abilities, from the recorded proceedings in

14   the above-entitled matter.

15

16       s/Kathleen Richardson

17       _____        February 11, 2025

18       Kathleen Richardson, RMR, CRR

19

20

21

22

23

24

25